IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 47520

| | |
|---|---|
| In the Interest of: John Doe I, A Child Under Eighteen (18) Years of Age. | ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) Filed: March 6, 2020 |
| Petitioner-Respondent, | ) ) Karel A. Lehrman, Clerk ) ) |
| v. | ) THIS IS AN UNPUBLISHED ) OPINION AND SHALL NOT ) BE CITED AS AUTHORITY |
| JANE DOE (2019-38), | ) ) |
| Respondent-Appellant. | ) ) ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, <u>vacated</u>; and <u>case remanded</u>.

Anthony R Geddes, Ada County Public Defender; Karen L. Jennings, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John R. Shackelford, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Jane Doe appeals from the magistrate court's judgment terminating her parental rights. Doe argues the magistrate court erred when it terminated her parental rights. Because the magistrate court's finding that Doe neglected her child was based in part on the entry of a default judgment and not supported by substantial and competent evidence, we vacate the court's judgment terminating Doe's parental rights and remand the case.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of E.R., who was born on July 21, 2015. On November 9, 2018, E.R. was living with his maternal grandmother because Doe was incarcerated and E.R.'s father was

1

deceased. E.R.'s grandmother had no legal documentation to care for E.R., was homeless, and could not provide for E.R.'s needs. Law enforcement declared E.R. in imminent danger. The Idaho Department of Health and Welfare (Department) filed a petition for hearing under the Child Protection Act on November 14, 2018. The same day, Doe was advised of her rights, and she waived her right to a shelter care hearing. The magistrate court found reasonable cause to believe E.R. came within the purview of the C.P.A. due to neglect and lack of a stable home environment, and the court ordered E.R. into temporary care and custody of the Department.

Doe failed to appear at the pretrial conference on December 4, 2018, and at the adjudicatory hearing on December 7, 2018. On December 24, 2018, the magistrate court granted legal custody of E.R. to the Department. The magistrate court held a case plan hearing on January 3, 2019, and Doe failed to appear there as well. Doe failed to appear at a status review hearing on March 6, 2019.

The magistrate court set the case for an early permanency hearing, to be held on the same day as the six-month review hearing on May 9, 2019. Because Doe was incarcerated at the time of the hearing, the magistrate court issued an order of transport. Although Doe objected to the permanency plan at the hearing, the court found it was in E.R.'s best interests to approve a permanency plan of termination and adoption.

The Department filed a petition for termination of the parent-child relationship on August 19, 2019, alleging that Doe neglected E.R. Doe did not file a responsive pleading, and on August 26, 2019, the prosecutor filed a notice of intent to take default. The Department attempted to serve the notice on Doe by certified mail, but as with other document service attempts, the notice was returned unserved. Notification of the termination trial and the notice of intent to take default were published in the Idaho Statesman on August 30, 2019, September 6, 2019, and September 13, 2019.

A trial was held on October 10, 2019, and Doe failed to appear. Doe's counsel indicated that she had not filed a responsive pleading due to sporadic communication with Doe and the lack of direction from Doe. The magistrate court orally granted default and stated, pursuant to the default, it found the allegations in the petition for termination of the parent-child relationship had been proven by clear and convincing evidence. The magistrate court dismissed Doe's counsel and proceeded with an uncontested trial.

The Department's case manager, the only witness to testify at trial, testified that Doe had not had contact with E.R. since the beginning of the case, Doe had been in and out of jail throughout the proceedings, and the Department believed Doe's substance abuse and untreated mental health issues impaired her ability to properly parent. The case manager additionally testified that the Department provided Doe with information for her to have a substance abuse assessment and set up an appointment for a urine analysis, but Doe did not attend. The case manager further testified that she did not believe a bond existed between Doe and E.R. and it was in E.R.'s best interests to have Doe's parental rights terminated.

The magistrate court determined there was clear and convincing evidence of neglect and because of the neglect, a ground existed to terminate the parental rights of Doe to her child. The magistrate court also concluded it was in the child's best interests to terminate the parental rights of Doe. On October 11, 2019, the magistrate court entered its final judgment to terminate the parental rights of Doe. Doe timely appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe argues the magistrate court's decision to terminate her parental rights should be reversed. Doe claims the court lacked substantial and competent evidence to establish by clear and convincing evidence that Doe neglected her child. Additionally, Doe asserts the magistrate court erred when it found it was in E.R.'s best interests to terminate Doe's parental rights.

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

In this case, the magistrate court found that the Department had established neglect and that terminating Doe's parental rights to E.R. was based on clear and convincing evidence. The magistrate court stated:

4

[T]he court finds that all allegations in the Petition are proven true by clear and convincing evidence. Additionally, the State has proven through testimony of [the case manager] that [Doe's] substance abuse, untreated mental health concerns, and criminal thinking impair her ability to provide proper parental care and control of [E.R.] Accordingly, the court concluded that Count 1 of the Petition has been proven by clear and convincing evidence.

In this case, the Department did not establish clear and convincing evidence of neglect. Thus, the magistrate court's findings regarding neglect are not supported by substantial and competent evidence. At trial, the case manager summarily testified the Department believed Doe had substance abuse issues that impaired her ability to properly parent E.R. because Doe: (1) spent time in jail for possession of a controlled substance during the Child Protection Act proceedings; (2) did not participate in a substance abuse assessment; and (3) missed a urine analysis test set up by the Department. A singular reference to a possession of a controlled substance charge is not necessarily indicative of substance abuse; neither is a lack of follow through on a suggested substance abuse assessment and a missed urine analysis test enough to establish substance abuse. Importantly, no testimony was presented to establish a relationship between substance abuse and the inability to properly parent E.R.

Additionally, the case manager testified at trial, and the court found, that Doe's untreated mental health concerns impaired her ability to provide proper parental care and control for E.R. The case manager's opinion did not provide the quantum of evidence necessary to establish by clear and convincing evidence that Doe had untreated mental health issues that impaired her ability to parent E.R. because there was no testimony about Doe's mental health issues impairing her ability to parent E.R. The only testimony was a conclusory opinion that such impairment existed.

Finally, the magistrate court found that Doe's criminal thinking established that she was unable to provide proper care and control for E.R. However, the Department presented no testimony related to Doe's criminal thinking during the termination trial. Therefore substantial and competent evidence does not exist to support the finding that Doe's substance abuse, mental health, or criminal thinking issues resulted in Doe neglecting E.R. or impaired Doe's ability to properly parent E.R.

Consequently, the magistrate court's determination that the Department established through testimony at trial that Doe neglected E.R. as a basis for terminating her parental rights

was not supported by substantial and competent evidence.[1] Because the Department did not establish a ground for termination, the magistrate court erred in finding that termination was in E.R.'s best interests.

## IV.

## CONCLUSION

The Department did not establish through clear and convincing evidence a statutory ground for termination of Doe's parental rights and, therefore, the magistrate court's judgment terminating parental rights was not supported by substantial and competent evidence. This Court vacates the judgment terminating Doe's parental rights and remands this case for further proceedings consistent with this opinion.

Judge GRATTON and Judge LORELLO **CONCUR**.

---

[1] This Court has concerns about several additional issues that were not addressed in the briefing. First, in reaching its conclusions, the magistrate court relied on documents that were not admitted pursuant to Idaho Juvenile Rule 48. Second, the magistrate court dismissed Doe's attorney at the beginning of the termination proceeding, leaving Doe without representation in the proceeding that would establish the evidence needed for the magistrate court to terminate her parent rights to E.R., an outcome she had objected to during the immediately preceding permanency hearing. Finally, the magistrate court could not relieve the state of its evidentiary burden at the trial by deeming the allegations in the petition as proved upon Doe's default.